UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORETTA BROWN and MARK JACKSON EL,

    Plaintiffs,

                                  Civil Case No. 12-11252

v.                                 Honorable Patrick J. Duggan

CITY OF DETROIT and DETROIT POLICE
OFFICERS HAROLD ROCHON, L. BARNETT,
and DAVID HUGGINS,

    Defendants.
_____/

## ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE

     This action is pending before this Court against the City of Detroit and City of Detroit Police Officers Harold Rochon, L. Barnett, and David Huggins.  On July 18, 2013, the City of Detroit filed a voluntary petition for protection under Chapter 9 of the Bankruptcy Code.  On July 25, 2013, the Honorable Steven Rhodes entered an order confirming the automatic stay of all proceedings against the City imposed under section 922 of the Bankruptcy Code upon the filing of the petition ("bankruptcy stay").  *In re City of Detroit, Michigan*, No. 13-53846, ECF No. 167 (Bankr. E.D. Mich. July 25, 2013.)

     The bankruptcy stay applies to "judicial, administrative, or other action[s] or proceeding[s] against an officer or inhabitant of the City, including the issuance or

employment of process, that seeks to enforce a claim against the City." *Id*. at 3. The stay restrains and enjoins all persons from *inter alia* "(a) commencing or continuing any judicial, administrative or other proceeding against the City . . . that was or could have been commenced before the City's chapter 9 case was commenced" and "(b) recovering a claim against the City that arose before the commencement of its chapter 9 case . . .." *Id*. at 2.

Plaintiff's action against the City and its officers seeking to recover damages, which by the law the City may be obliged to satisfy, must be stayed according to Judge Rhodes' order.

Accordingly,

**IT IS ORDERED**, that the proceedings in this case are **STAYED** and the case is **CLOSED** for administrative and statistical purposes without prejudice;

**IT IS FURTHER ORDERED**, that if the bankruptcy stay is removed, or a party obtains relief from the stay, then the case may be reopened upon motion of any party;

**IT IS FURTHER ORDERED**, that any party may apply to the bankruptcy court for relief form the automatic stay under 11 U.S.C. § 362(d)-(g).

Dated: August 9, 2013        s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Paul M. Hughes, Esq.
Stanely L. de Jongh, Esq.

-2-